```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/17/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

ROYAL INDUSTRIES INTERNATIONAL, LLC,

                   Plaintiff,

-against-

EQUATION SOLUTIONS, INC ET AL.,
                   Defendants.

------------------------------------------------------------ x

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

18 Civ. 4915 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      On June 4, 2018, Plaintiff filed this action alleging breach of contract and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. ECF 1. On September 21, 2018, Plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55. ECF 26.

      "It is well settled that absent effective service, a court lacks jurisdiction over the defendant and all actions pertaining to such defendants, including the entry of default judgment, are void." *First City, Tex.-Houston, N.A. v. Rafidain Bank*, 90-cv-7360, 1992 WL 296434 at *1 (S.D.N.Y. Oct. 6, 1992) (collecting cases). Plaintiff purports to have effected service of process on Defendants pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii). *See* Plaintiff's Memorandum of Law ("Pl. Br."), ECF 28, at 1. Rule 4(f)(2)(C)(ii) provides for service of an individual in a foreign country by "using any form of mail that the clerk addresses to the individual and that requires a signed receipt . . . ." Plaintiff cites the Clerk of the Court's certificates of mailing, ECF 20–24, as proof of service.

This showing is not sufficient. Under Fed. R. Civ. P. 4(l)(2)(B), service outside the United States made under Rule 4(f)(2) must be proved "by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and the complaint were delivered to the addressee." Plaintiff has provided neither receipts nor other evidence of delivery.[1]

For the reasons set forth above, Plaintiff's motion for default judgment is denied without prejudice. The Clerk is directed to terminate the motion for default judgment (ECF 26).

SO ORDERED.

Dated:    October 17, 2018
           New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

---

[1] In fact, the Court's review of USPS' website failed to confirm that any of the packages identified by tracking numbers provided by the Clerk of the Court have been delivered to the Philippines, where Plaintiff alleges Defendants are located. USPS Tracking,
https://tools.usps.com/go/TrackConfirmAction_input?json=true&qtc_tLabels1=RE295891274US&sCheckedLabelCount=1&qtc_senddate1=06%2F12%2F2018&qtc_zipcode1=,
https://tools.usps.com/go/TrackConfirmAction?tLabels=RE295891230US,
https://tools.usps.com/go/TrackConfirmAction_input?json=true&qtc_tLabels1=RE295891265US&sCheckedLabelCount=1&qtc_senddate1=06%2F12%2F2018&qtc_zipcode1=,
https://tools.usps.com/go/TrackConfirmAction_input?json=true&qtc_tLabels1=RE295891243US&sCheckedLabelCount=1&qtc_senddate1=06%2F12%2F2018&qtc_zipcode1=,
https://tools.usps.com/go/TrackConfirmAction_input?json=true&qtc_tLabels1=RE295891257US&sCheckedLabelCount=1&qtc_senddate1=06%2F12%2F2018&qtc_zipcode1= (last accessed Oct. 15, 2018). The Court takes judicial notice thereof. *See, e.g., NYKCool A.B. v. Pac. Int'l Servs., Inc.*, No. 12-cv-5754 (LAK), 2013 WL 6799973, at *6 (S.D.N.Y. Dec. 20, 2013).